IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| DARIUS CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 03-C-0894-M |
| | ) | |
| ROYCE BROWN and | ) | |
| WILLIAM NORTHCUTT, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on July 3, 2003, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on July 10. 2003. (Doc. #11). In his objections, the plaintiff contends that he was disciplined by the defendants for having engaged in his First Amendment right to free speech, specifically for his having written a letter to the Commissioner of the Department of Corrections. Attached to his objection is a copy of an Institutional Incident Report dated February 4, 2003 and a Disciplinary Report dated February 18, 2003, which are in fact based upon the plaintiff's letter to Commissioner Campbell. In that letter, the plaintiff allegedly accused defendant Northcutt of making racially and sexually derogatory statements in an earlier prison disciplinary hearing. The plaintiff contends these documents show that he was disciplined for having exercised his right of free speech. However, at the most, the objections and the attachments thereto may merely show a mixed-motive on the part of the defendants in disciplining the plaintiff. It is clear from the exhibits

submitted by the plaintiff that the disciplinary action taken by Northcutt and Brown was based upon alleged false statements contained within the plaintiff's letter to the commissioner. As such, the plaintiff's own pleadings establish a legitimate motive on the part of the defendants in disciplining the plaintiff. There is clearly nothing unlawful about disciplining an inmate for making false statements to corrections officials. In the context of § 1983 retaliation claims, qualified immunity protects government actors so long as they were motivated at least in part by legitimate grounds and so long as a reasonable officer in that same circumstance would have believed that what the defendants did would be lawful in light of clearly established law. *Foy v. Holston*, 94 F.3d 1528, 1534 (11th Cir. 1996). Therefore, even when viewed in a light most favorable to the plaintiff, the complaint herein has alleged no facts which would defeat the defendants' qualified immunity defense. This is true even if the defendants' actions were the result of "mixed motives." *See Pennington v. City of Huntsville*, 261 F.3d 1262 (11th Cir. 2001).

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Therefore, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). An appropriate order will be entered.

DATED this 7th day of August, 2003.

U. W. CLEMON
CHIEF UNITED STATES DISTRICT JUDGE